IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAPHNE RODENBAUGH,                    :
                                      :
                    Plaintiff,        :        CIVIL ACTION NO. 16-2158
                                      :
        v.                            :
                                      :
JUDGE SANTIAGO, et al.,               :
                                      :
                    Defendants.       :

## <u>MEMORANDUM OPINION</u>

Smith, J.                                              January 18, 2017

This action arises from the *pro se* plaintiff's arrest after she unsuccessfully attempted to use a hospital's telephone and obtain additional medical treatment while there. The plaintiff asserts constitutional claims under 42 U.S.C. § 1983 against the officer that arrested her, the judge that presided over her guilty plea and sentencing, and a case manager and physician that interacted with her while she was incarcerated. As to these defendants, the plaintiff alleges that (1) the arresting officer failed to provide her with a *Miranda* warning and should have allowed her to seek care at another hospital instead of arresting her, (2) the state trial judge misrepresented how long she would remain incarcerated if she pleaded guilty, (3) the case manager deprived her of access to phone calls and mail, and prevented her from communicating with the court and her attorney, and (4) the jail's physician should have transferred her from the jail to a mental health institution following his initial meeting with her.

Currently before the court are motions to dismiss separately filed by the police officer and the case manager. The police officer moves to dismiss the claims against him for lack of subject-matter jurisdiction and for failure to state a claim. The case manager moves to dismiss the claims against her for failure to exhaust administrative remedies as required by the Prison

Litigation Reform Act, and for failure to state a claim.  As explained below, the court will deny the police officer's motion to the extent that it seeks dismissal for lack of subject-matter jurisdiction but grant it for failure to state a claim, as the plaintiff's claims arising from her arrest are barred by her subsequent guilty plea.  As for the case manager's motion, because she relies on matters outside of the pleadings, the court will convert the motion to dismiss to a motion for summary judgment and provide the plaintiff with an opportunity to respond.

Additionally, although the jail's physician has not yet participated in this litigation, the court has screened the claims against him as required by 28 U.S.C. § 1915(e)(2) and determines that the plaintiff has failed to state a claim.  As such, the court will also dismiss any claims against the physician.

## I.    ALLEGATIONS AND PROCEDURAL HISTORY

On April 25, 2015, the *pro se* plaintiff, Daphne Rodenbaugh ("Rodenbaugh") went to the emergency department at Sacred Heart Hospital ("Sacred Heart") to obtain treatment for severe blisters on her feet.  Second Amended Complaint ("SAC") at 2, Doc. No. 19.  Sacred Heart medical personnel provided her with a prescription for cream and told her to come back if she had further problems.  *Id.*  Rodenbaugh left Sacred Heart and attempted to make a phone call, but her cellular phone did not work, so she returned to Sacred Heart, informed the staff that she could barely walk, and asked if she could use the hospital's telephone located in the waiting room.  *Id.*  The staff at Sacred Heart did not permit Rodenbaugh to use the hospital's telephone, and Sacred Heart's security called the police.[1]  *Id.*  Jason Adduddell ("Adduddell"), a police officer for the city of Allentown, arrived and arrested Rodenbaugh, and did not provide her with *Miranda* warnings during the course of her arrest.  *Id.*  Rodenbaugh was charged with violating 18 Pa. C.S. § 3503 (defiant criminal trespass), and because she was unable to post bail—which

---

[1] It is unclear why security called the police.

was set at $1500—Rodenbaugh was committed to the Lehigh County Jail pending arraignment. *See* Defendant Tracy Boandl Rule 12(b)(6) Mot. to Dismiss Pl.'s Second Am. Compl. ("Boandl MTD") at Ex. 1, Affidavit of Tracy Boandl ("Boandl Aff."), at Ex. A, Commitment Order, Doc. No. 22.[2]

On May 4, 2015, Rodenbaugh appeared before Lehigh County Magisterial District Judge Rashid Santiago for arraignment.  SAC at 7; Boandl Aff. at Ex. B, Order Imposing Sentence ("Sentencing Order").  Based on a discussion between Judge Santiago, the "D.A. and others[,]" Rodenbaugh pleaded guilty to defiant criminal trespass because she believed she would be released in five days if she pleaded guilty instead of spending three months in jail awaiting trial if she pleaded not guilty.  SAC at 2; Sentencing Order.  Judge Santiago sentenced Rodenbaugh to "time served to 12 months, parole plan needed, SPORE supervision, fines suspended, pay costs." Sentencing Order.  Rodenbaugh's sentence required that she have a parole plan in place with an address to which the Lehigh County Jail could release her.  Boandl Aff. at ¶ 5.  Rodenbaugh apparently did not have such an address where she could be released.  *Id.*  During her incarceration, Rodenbaugh interacted with Tracy Boandl ("Boandl"), a Lehigh County Jail case manager assigned to her.  SAC at 3; Boandl Aff. at ¶ 2.  Rodenbaugh believes that Boandl blocked her access to phone calls and mail, and prevented her from communicating with her attorney.  SAC at 3.  During her incarceration, Rodenbaugh also interacted with Dr. Alex

---

[2] Boandl submitted various documents in support of her motion to dismiss.  Among these documents is her affidavit, which also has a number of documents attached to it, including:  a Lehigh County Court Commitment Order, a Lehigh County Court Sentencing Order, a Lehigh County Court Order for Involuntary Treatment, and a Lehigh County Court Order paroling Rodenbaugh, and a Lehigh County Jail Discharge/Transfer Notification.  The court has considered the Lehigh County orders because they are public records.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) ("Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record.") (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).  To the extent that the court references the discharge/transfer notification, the substance of Boandl's affidavit, the substance of Janine Donate's affidavit, or the other documents attached to the motion to dismiss, the court does so simply to add context to the factual background of this case because the second amended complaint lacks factual details surrounding Rodenbaugh's arrest and subsequent incarceration.  The court did not consider those documents in ruling on the motions to dismiss.

Thomas, a physician at the Lehigh County Jail. *Id.* at 9. On the second day of her incarceration, Rodenbaugh met with Dr. Thomas and stated, "I don't belong here." *Id.* Rodenbaugh believes that Thomas should have transferred her to a mental health institution at that point. *Id.*

On October 23, 2015, Judge Carol K. McGinley of the Court of Common Pleas of Lehigh County found that Rodenbaugh was severely mentally disabled and in need of treatment, and ordered that she be involuntarily treated at the Wernersville State Hospital. Boandl Aff. at Ex. E, Order for Involuntary Treatment. On November 23, 2015, Judge James T. Anthony of the Court of Common Pleas of Lehigh County ordered that Rodenbaugh be paroled to the Wernersville State Hospital, with an effective date of December 1, 2015. *Id.* at Ex. F, Order. Rodenbaugh was transferred to the Wernersville State Hospital on December 1, 2015. *Id*. at Ex. G, Discharge/Transfer Notification.

Rodenbaugh filed the instant lawsuit, apparently asserting claims under 42 U.S.C. § 1983 against Judge Santiago, Adduddell, Boandl, and Dr. Thomas, and an application to proceed *in forma pauperis*, on February 17, 2016, in the Middle District of Pennsylvania. Complaint, Doc. Nos. 1-1, 1-2. On February 19, 2016, the Honorable Joseph F. Saporito, Jr. entered an order transferring Rodenbaugh's case to this court. Order at ECF pp. 3-4, Doc. No. 1.

This matter was not assigned to the undersigned until the Clerk of Court received the original record in this case on May 4, 2016. On May 12, 2016, the court entered an order (1) granting Rodenbaugh's motion for leave to proceed *in forma pauperis*, and (2) providing her with leave to file an amended complaint to clarify her allegations and to list all defendants in the caption of the pleading as required by Rule 10 of the Federal Rules of Civil Procedure. Order at 1, Doc. No. 2. On May 23, 2016, Rodenbaugh separately filed a motion seeking the appointment of counsel and an amended complaint in which she once again asserted claims against Judge Santiago, Adduddell, Boandl, and Dr. Thomas.

4

The court entered an order denying Rodenbaugh's motion for counsel without prejudice on June 8, 2016.  Doc. No. 6.  On June 30, 2016, after screening the amended complaint under 28 U.S.C. § 1915(e)(2), the court entered an order dismissing the claims against Judge Santiago with prejudice, and ordering the United States Marshal for the Eastern District of Pennsylvania to serve the summonses and the amended complaint upon the remaining defendants.  Doc. No. 7.[3]

Adduddell filed motions to dismiss, to strike, and for a more definite statement on August 25, 2016.  Doc. No. 11.  Boandl filed a motion to dismiss the amended complaint on August 31, 2016.  Doc. No. 13.  Rodenbaugh filed a response to Adduddell's and Boandl's motions on September 27, 2016.  Doc. No. 16.  The court held oral argument on the motions on October 4, 2016.  Doc. No. 18.

On October 26, 2016, Rodenbaugh filed a second amended complaint ("SAC") against Judge Santiago, Adduddell, Boandl, and Dr. Thomas.  On October 27, 2016, the court entered an order dismissing the claims in the SAC against Judge Santiago with prejudice, and denying Adduddell's and Boandl's motions to dismiss the amended complaint as moot because of the filing of the SAC.  Doc. No. 20.  Adduddell and Boandl separately filed motions to dismiss the SAC on November 8, 2016 and November 10, 2016, respectively.   Doc. Nos. 21, 22. Rodenbaugh filed responses to the motions to dismiss on November 21, 2016.  Doc. Nos. 24, 25. The motions are ripe for disposition.

---

[3] As the court detailed in its June 30, 2016 order, Rodenbaugh's claim against Judge Santiago was based on his alleged misrepresentation about the amount of time that she would serve in jail if she pleaded guilty at her arraignment.  Order at 2, n.2.  Rodenbaugh appeared (and still appears) to believe that this conduct supports a claim for false imprisonment against Judge Santiago.  *Id.*  Rodenbaugh's allegations with respect to Judge Santiago related to conversations that they had during a hearing on May 4, 2015.  *Id.*  Rodenbaugh did not allege that Judge Santiago lacked jurisdiction to sentence her or that he otherwise acted outside of his judicial capacity.  *Id.*  As such, the court concluded that there were no allegations that would satisfy any of the exceptions to absolute judicial immunity, and the court dismissed with prejudice the claims against Judge Santiago.  *Id.* (citing *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).

## II.    DISCUSSION

### A.    Standards of Review

#### 1.    Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).  As the moving party, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "The touchstone of [this] pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).  Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S.

at 570).  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[4]  *Id.* (quoting *Twombly*, 550 U.S. at 555).

The Third Circuit employs a three-step approach to evaluate whether a complaint satisfies the *Twombly/Iqbal* standard:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal*, 129 S.Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (internal footnote omitted).

## 2.    Rule 12(b)(1) Motion

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (citations omitted).  "[F]ederal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977).  Therefore, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Id.*

"[A] court must grant a motion to dismiss [under Rule 12(b)(1)] if it lacks subject-matter jurisdiction to hear a claim."  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  "In evaluating a Rule 12(b)(1) motion, a court must

---

[4] Similar to the court's review as to whether a *pro se* complaint is frivolous, the court is mindful that no matter how "inartfully pleaded, [*pro se* complaints] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  Despite this more liberal pleading standard, a *pro se* complaint must still contain "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Maxberry v. Sallie Mae Educ. Loans*, 532 F. App'x 73, 75 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

first determine whether the movant presents a facial or factual attack." *Id.* (citation omitted).  A jurisdictional challenge is factual if "it concerns not an alleged pleading deficiency, but rather the actual failure of [the plaintiff's] claims to comport with the jurisdictional prerequisites[.]"  *U.S. ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (quotation marks and citation omitted).   A jurisdictional challenge is facial if it "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (citations and internal quotation marks omitted).   On the other hand, "a factual challenge attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Achiele*, 757 F.3d 347, 358 (3d Cir. 2014)).   When a jurisdictional challenge is factual, a court may "weigh and consider evidence outside the pleadings." *Id.* (citation and internal quotation marks omitted).

### B.   Analysis

"Section 1983 provides private citizens with a means to redress violations of federal law committed by state individuals." *Woodyard v. County of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (citing 42 U.S.C. § 1983).  "[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citing *Benn v. Universal Health Sys.*, 371 F.3d 165, 169–70 (3d Cir. 2004)).  "Accordingly, there can be no cause of action under § 1983 absent violation of a right secured by the Constitution or the laws of the United States." *Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244 (3d Cir. 2005).

When evaluating section 1983 claims,

> "[t]he first step . . . is to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5, 118 S.Ct. 1708, 1714 n. 5, 140 L.Ed.2d 1043 (1998)). Next, a plaintiff must demonstrate a defendant's "personal involvement in the alleged wrongs." *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct. *Id.* Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive. *Baker v. Monroe Twp.,* 50 F.3d 1186, 1194 (3d Cir.1995); *Rode,* 845 F.2d at 1201 n. 6. A plaintiff "must portray specific conduct by state officials which violates some constitutional right." *Gittlemacker v. Prasse,* 428 F.2d 1, 3 (3d Cir.1970).

*Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

Here, Rodenbaugh appears to assert the following section 1983 claims: (1) false arrest and violation of due process against Adduddell, alleging that he should have taken her to a different hospital instead of arresting her, and that he failed to provide her with *Miranda* warnings; (2) violations of her First, Sixth, Eighth, and Fourteenth Amendment rights by Boandl, insofar as Rodenbaugh alleged Boandl blocked her access to phone calls and mail, denied her access to the court, and "never let [her] talk to [her] attorney;" (3) false imprisonment against Judge Santiago, alleging that he misrepresented how long she would be incarcerated if she pleaded guilty at her arraignment; and (4) violations of her Eighth Amendment rights by Dr. Thomas, alleging that he should have transferred her from jail to a mental health institution when he met with her on her second day of incarceration.[5]  SAC at 2, 3, 7, 9.  With the exception of

---

[5] Rodenbaugh does not identify the precise constitutional amendments implicated by her allegations and, in some instances, does not specify the cause of action asserted.  As such, the court has endeavored to identify the amendments and causes of action.  *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (explaining that courts must liberally construe *pro se* complaints and "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name").

Rodenbaugh's claim against Judge Santiago—as the court already dismissed it with prejudice in a previous order—the court will discuss each of these claims in turn.

### 1.      Claims Against Adduddell

Rodenbaugh alleges section 1983 claims for false arrest and violation of due process against Adduddell based on his arrest of her and his failure to provide her with a *Miranda* warning.  SAC at 2.  Adduddell seeks dismissal of Rodenbaugh's claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).  Defendant, Jason Adduddell's, Mot. to Dismiss Under Fed. R. Civ. P. 12(b)(1) and (6) ("Adduddell MTD") at 2-3, Doc. No. 21.  The court will first consider Adduddell's motion to dismiss for lack of subject-matter jurisdiction, because if the court lacks subject-matter jurisdiction over the claims, the motion to dismiss for failure to state a claim is moot.  *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993) ("When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot."), *aff'd*, 39 F.3d 61 (3d Cir. 1994).

In seeking dismissal for lack of subject-matter jurisdiction, Adduddell argues that Rodenbaugh fails to allege sufficient facts to show that her claims arise from federal law. Adduddell MTD at 7.[6]  The court disagrees.  "The Supreme Court has authorized courts to dismiss under Rule 12(b)(1) for lack of jurisdiction due to merits-related defects in only narrow categories of cases."  *Davis v. Wells Fargo*, 824 F.3d 333, 349–50 (3d Cir. 2016).  Indeed, while

> [a] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous. [D]ismissal for lack of jurisdiction is not

---

[6]The parties in this matter appear to be citizens of Pennsylvania and Rodenbaugh has not alleged diversity jurisdiction, leaving federal question jurisdiction the only basis for the court's subject matter jurisdiction.

> appropriate merely because the legal theory alleged is probably false, but only because the right claimed is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy.

*Id.* at 350 (internal citations and quotation marks omitted). Furthermore, "[t]hat the claim is unsubstantial must be 'very plain.'" *Baker v. Carr*, 369 U.S. 186, 199 (1962) (quoting *Hart v. B. F. Keith Vaudeville Exch.*, 262 U.S. 271, 274 (1923)).

Here, in support of her false arrest claim, Rodenbaugh alleges that Adduddell arrested her when she was seeking treatment at an emergency room, that she was not being violent, and that instead of arresting her, Adduddell should have permitted her to admit herself to a different hospital. SAC at 2. In support of her due process violation claim, Rodenbaugh alleges that Adduddell failed to provide her with *Miranda* warnings upon her arrest. SAC at 2. Rodenbaugh alleges that she suffered damages in the form of emotional distress, and lost property stored in a storage unit. SAC at 2. While these allegations may ultimately fail to make out the necessary elements for a § 1983 claim—and indeed they do—they simply are not the types of "insubstantial," "implausible," and "devoid of merit" claims that the court should dismiss pursuant to Rule 12(b)(1) for merits-related defects. *Davis*, 824 F.3d at 349–50 n.19 (noting that "a plaintiff who sues Corporation X on a claim that it is responsible for a civil war somewhere on the other side of the planet . . . is . . . the kind of implausible allegation the Supreme Court had in mind when it crafted the exception permitting dismissal under Rule 12(b)(1) for wholly insubstantial claims to jurisdiction.").

As for Adduddell's Rule 12(b)(6) motion, the court finds that Rodenbaugh's false arrest and due process violation claims are subject to dismissal because they are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "Under *Heck,* a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained

unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208–09 (3d Cir. 2005). This rule "'avoid[s] parallel litigation of probable cause and guilt' [and] 'prevent[s] the claimant from succeeding in a tort action after having been convicted in the underlying criminal prosecution, which would run counter to the judicial policy against creating two conflicting resolutions arising from the same transaction.'" *Suarez v. City of Bayonne*, 566 F. App'x 181, 184 (3d Cir. 2014) (quoting *Gilles*, 427 F.3d at 209).

Rodenbaugh was arrested for defiant criminal trespass, and she subsequently pled guilty to the same offense. SAC at 2; Boandl Aff. at Ex. A. A guilty plea is sufficient to bar a subsequent section 1983 claim. *See e.g. Walke v. Cullen*, 491 F. App'x 273, 276 (3d Cir. 2012) (barring a plaintiff's claim for damages arising from his arrest and incarceration following a guilty plea because they would imply the invalidity of his conviction); *Gilles*, 427 F.3d at 209 n.8 (noting that under *Heck*, a guilty plea is sufficient to bar a subsequent section 1983 claim). Rodenbaugh's claims that Adduddell falsely arrested her and violated her due process rights call into question the validity of her conviction. Therefore, the court must dismiss them pursuant to *Heck*.

In addition to being barred by *Heck*, Rodenbaugh's due process violation claim also fails because "violations of the prophylactic *Miranda* procedures do not amount to violations of the Constitution itself." *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994). Indeed, "a plaintiff may not base a § 1983 claim on the mere fact that the police questioned her in custody without providing *Miranda* warnings when there is no claim that the plaintiff's answers were used against her at trial." *Renda v. King*, 347 F.3d 550, 552 (3d Cir. 2003) (noting that the Supreme Court's decision in *Chavez v. Martinez*, 538 U.S. 760 (2003) reaffirmed the Third Circuit's previous holding in *Giuffre* to the same effect). Here, Rodenbaugh has not (and cannot) claim that any

statement she made to Adduddell was used against her at trial because she pleaded guilty at her arraignment.  SAC at 2.

### 2.        Claims Against Boandl

Rodenbaugh alleges section 1983 claims against Boandl based on her denial of Rodenbaugh's access to mail and phone calls, for preventing her from communicating with her attorney, and for preventing her access to the court.  SAC at 3.  Boandl seeks dismissal of Rodenbaugh's claims for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and for failure to state a claim pursuant to Rule 12(b)(6).  Boandl MTD at 7.  The court will first consider Boandl's motion to dismiss based on Rodenbaugh's failure to exhaust administrative remedies pursuant to the PLRA.

A prisoner's failure to exhaust administrative remedies pursuant to the PLRA is an affirmative defense that must be pleaded and proven by the defendant.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002) (citing *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997)).  The court can consider this contention on a motion to dismiss only if it "present[s] an insuperable barrier to recovery by the plaintiff."  *Id*. at 295 n.8 (quoting *Flight Sys., Inc. v. Electronic Data Sys. Corp.*, 112 F.3d 124, 127 (3d Cir. 1997).  In seeking dismissal of Rodenbaugh's claims, Boandl argues that "Rodenbaugh must establish that she exhausted all administrative remedies prior to filing a [s]ection 1983 claim[,]" and that "[Rodenbaugh's] simple allegation, without any specificity, is not enough to satisfy the requirements of the Prison Litigation Reform Act."  Boandl MTD at 7.

The court disagrees that Rodenbaugh's allegation fails to satisfy the requirements of the PLRA.  Rodenbaugh alleges that she "[f]iled a grievance request form 3 times."  SAC at 3.  Accepting these allegations as true—as the court must do on a motion to dismiss—it is plausible that Rodenbaugh has exhausted her administrative remedies as required by the PLRA.

In support of her motion to dismiss for failure to exhaust, Boandl relies on documents, such as her and Janine Donate's affidavits, which the court may not consider on a motion to dismiss because they are not part of the complaint or a matter of public record.  *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (indicating that in deciding motions to dismiss, "a district court relies on the complaint, attached exhibits, and matters of public record" (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Nonetheless, Rule 12(d) of the Federal Rules of Civil Procedure states that if

> matters outside the pleading[s] are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(d); *see also Pension Ben. Guar. Corp.*, 998 F.2d at 1196 (holding that "a motion to dismiss [must] be converted to a summary judgment motion if a court considers matters outside the pleadings"). "[T]he decision to convert a motion to dismiss to a motion for summary judgment is generally committed to the district court's discretion under [Rule] 56[.]" *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992).

"Rule 12(b) and Rule 12(c), by identical language, require that when a district court converts motions under them into motions for summary judgment, the procedures of Rule 56 govern." *Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989).  "When this conversion takes place all parties must be given the opportunity to present material to the court." *Id*.  "[Rule 56(c)] requires that the parties have at least ten days notice before the court may consider the motion," and "the opportunity to submit 'pleadings, depositions, answers to interrogatories, and admissions on file, together with … affidavits' to support or oppose the motion for summary judgment." *Id*.  (citing Fed. R. Civ. P. 56(c)).

In this case, resolution of the exhaustion issue requires consideration of the substance of Boandl's and Janine Donate's affidavits. "Reliance on declarations from prison officials or administrators requires conversion." *Hemingway v. Falor*, 200 F. App'x 86, 90 (3d Cir. 2006) (citing *Camp v. Brennan*, 219 F.3d 279, 280 (3d Cir. 2000)). As such, the court finds it necessary and in the interest of judicial economy to convert Boandl's motion to dismiss to a motion for summary judgment. Since this opinion will provide the parties with notice of the conversion, the court will grant them twenty (20) days leave to file all material that they believe is relevant to Boandl's motion.

In this case, Rodenbaugh must present evidence sufficient to establish a genuine issue of fact regarding her failure to exhaust the Lehigh County Jail grievance procedures with respect to her claims that Boandl deprived her of access to telephone calls and mail, and prevented her from communicating with her attorney.

With respect to Boandl's motion to dismiss the underlying claims for failure to state a claim, the court will also convert the motion to a motion for summary judgment. Pursuant to the PLRA, "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." *Ray*, 285 F.3d at 296 (citing 42 U.S.C. § 1997e(c)). Therefore, the court may properly consider whether to dismiss the underlying claims because Rodenbaugh has failed to state a claim without first deciding whether Rodenbaugh has exhausted her administrative remedies. Nonetheless, as with Boandl's motion to dismiss for failure to exhaust, Boandl's motion to dismiss for failure to state a claim also relies on documents outside the pleadings that the court may not consider. *See* Boandl MTD at 7 (attaching the affidavit of Janine Donate and noting that it demonstrates that Rodenbaugh had access to phone calls and

mail).  Therefore, the court will also convert Boandl's motion to dismiss for failure to state a claim to a motion for summary judgment, and Rodenbaugh must also present evidence sufficient to establish a genuine issue of fact regarding whether Boandl deprived her of access to telephone calls and mail, prevented her from communicating with her attorney, and deprived her of access to the court.

### 3.      Claims Against Dr. Thomas

Rodenbaugh alleges a § 1983 claim of unconstitutional deprivation against Dr. Thomas for failing to transfer her from the Lehigh County Jail to a mental health institution.  SAC at 9.  As Rodenbaugh is proceeding *in forma pauperis*, the court must "dismiss the case at any time if the court determines that-- . . . (B) the action . . . fails to state a claim on which relief may be granted."[7]  28 U.S.C. § 1915(e)(2)(B)(ii).  Regarding the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on Rule 12(b)(6) motions to dismiss.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying the Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

Here, Rodenbaugh's allegation—that Dr. Thomas should have transferred her from the Lehigh County Jail to a mental health institution—fails to state a claim for unconstitutional deprivation.  In this regard, "given a valid conviction, [a] criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution."  *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  Nonetheless, "[t]he

---

[7] According to the United States Marshal's Return of Service, it served Dr. Thomas with the summons and amended complaint on July 18, 2016, by serving it at the Lehigh County Prison.  *See* Doc. No. 8 at ECF p. 4.  Dr. Thomas did not have counsel enter an appearance on his behalf and he did not otherwise file a response to the amended complaint.  Dr. Thomas did not appear for the initial pretrial conference on October 4, 2016.  It is unclear whether the plaintiff served Dr. Thomas with a copy of the SAC.

Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution." *Id*. Thus, prisoners do not have a constitutionally protected right to choose their location of confinement. *See, e.g.*, *Beatty v. Clerk of Courts*, No. CIV. A. 11-7240, 2012 WL 2873567, at *3 (E.D. Pa. July 13, 2012) ("[A] prisoner has no protectable liberty interest of confinement in a particular state prison.") (citation omitted); *Goodson v. Maggi*, No. CIV. A. 08-44, 2010 WL 1328687, at *18 (W.D. Pa. Mar. 1, 2010) ("[A prisoner] has no constitutional right to be housed in any particular penal institution."), *report and recommendation adopted*, No. CIV. A. 08-44, 2010 WL 1253638 (W.D. Pa. Mar. 29, 2010); *Bolden v. United States*, No. CIV. A. 93-5463, 1994 WL 246173, at *2 (E.D. Pa. June 7, 1994) (holding that "[t]he due process clause of the Fourteenth Amendment does not afford a prisoner freedom of choice with respect to the location of his incarceration." (citation omitted)).

Rodenbaugh's allegations against Dr. Thomas are as follows: (1) Dr. Thomas met Rodenbaugh on her second day of incarceration, (2) Dr. Thomas asked her how she was doing, (3) Rodenbaugh told him that she didn't belong in jail and that he should "get [her] out," and (4) Dr. Thomas "should have committed [her] at that point to a mental hospital." SAC at 9. As an inmate serving an imposed sentence, Rodenbaugh had no right to be let out or transferred to a different institution. Accordingly, Rodenbaugh's allegations against Dr. Thomas fail to state a claim for unconstitutional deprivation and the court must dismiss her claims against him.

### III.   CONCLUSION

As explained above, the court will grant Adduddell's motion to dismiss insofar as Rodenbaugh may not maintain a section 1983 claim against Adduddell because *Heck* bars her false arrest and due process violation claims, and she has failed to state a claim against him

regarding any purported *Miranda* violation.  The court has also screened Rodenbaugh's claim against Dr. Thomas as required by 28 U.S.C. § 1915(e) and finds that she has failed to set forth a constitutional claim against Dr. Thomas based on her claim that he should have transferred her to a mental health institution.

In the interest of judicial efficiency, the court will convert Boandl's motion to dismiss into a motion for summary judgment, as her motion to dismiss relies on matters outside the pleadings that the court may not consider on a motion to dismiss.  The court will grant Rodenbaugh twenty days leave to present evidence sufficient to establish a genuine issue of material fact regarding (1) her failure to exhaust the Lehigh County Jail grievance procedures with respect to her claims that Boandl deprived her of access to telephone calls and mail, and prevented her from communicating with her attorney and the court, and (2) whether Boandl deprived her of access to telephone calls and mail, and prevented her from communicating with her attorney and the court.

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

18